The plaintiff gave in evidence, in support of his title, a grant from the State of North Carolina, to Minos Cannon, dated in November, 1799, for the land in controversy, which had been duly registered; and also the transcript of the record of a judgment recovered in an original attachment, in the name of James Ross, against Cannon, in the County Court of Davidson, at the January sessions, 1794. The attachment issued on the 24th day of November, 1792, and was levied on the land the 27th day of the same month, returnable to the January sessions, 1793. Upon the judgment recovered a writ of vendition exponas issued, which was put into the hands of the sheriff of Davidson the 24th day of January, 1794, by virtue of which the sheriff regularly sold the land to James Ross, the 22d day of March in the same year, for forty pounds. The sheriff conveyed the land to Ross by a regular deed of conveyance, on the 19th day of May, 1794; Ross, on the 3d day of October, 1796, conveyed it to John and George M. Deaderick; the Deadericks, on the 2d day of March, 1797, conveyed to John Davis; on the 2d of March, 1798, John Davis conveyed the land to Benjamin Davis, and Benjamin Davis, on the 2d day of March, 1800, conveyed the land to Henry Alexander, the lessor of the plaintiff.
All these deeds were duly proved and registered.
The defendant produced a deed from Minos Cannon to Joseph Lemmonds, under whom he claimed, for the same land, purporting to be dated the 13th day of January, 1792, which had been acknowledged by Cannon in the County Court of Davidson, at the January sessions, 1802, and registered on the 9th day of May in the same year. *Page 432 
To the admission of this deed as evidence an objection was made, but overruled.
The defendant then offered to prove, by one of the subscribing witnesses, that the deed to Lemmonds was executed in fact when it purported to bear date, and that it was then delivered. An objection was made to the introduction of this testimony, but it was admitted by the Court.
The counsel for the plaintiff then moved the Court to instruct the jury, that the deed from Minos Cannon to Lemmonds could have no effect against the lessors of the plaintiff, as it had never been proved and registered until the year 1802, long after Alexander had obtained his title — particularly as no law existed authorizing a registration of the deed to Lemmonds at the time of the sale made to Ross, and the execution of the deed to him. But the Court was of opinion, and so directed the jury, that the deed to Lemmonds was sufficient in law to defeat the title of the plaintiff, if they believed it was actually delivered before the time the attachment was levied on the land.
To these several opinions a bill of exceptions was taken, and the case brought up to this Court by a writ of error.
Whiteside, for the plaintiff in error. In this case the plaintiff and defendant both claim under the same grant. The defendant, for ten years, permitted his deed to lie dormant; he then procured it to be registered on the acknowledgment of the grantor, pursuant to the Act of 1801, extending the time for the registration of deeds.
The title of the plaintiff commences from the time of levying the attachment in November, 1792, and his title papers are duly registered.
In the first place, I shall contend that the deed to Lemmonds was not so proved as to entitle it to registration at all. But if it were, it can only take effect from the time of the acknowledgment, pursuant to which it was admitted to registration. The Act of 1788 gives a further time of two years to persons who have failed to register their deeds. *Page 433 
The Act of 1790 continues the time two years longer. The next Act was passed in 1794, which gives a further term of two years; the Act of 1796 continues that Act in force for two years more; and the Act of 1797 continues it until the end of the next session of the General Assembly. Then comes the Act of 1801, under which this deed was admitted to probate and registration. The words of the Act are, "that if any person has suffered or may suffer by their grants, deeds, c., not being proved and registered within the time prescribed by law, it shall and may be lawful for such person to prove and register his, her, or their grant, deed,"c. The other Acts speak of acknowledgment as well as proof, but this Act is silent as to acknowledgment; consequently, I contend that the Act was intended to be limited in its operation to cases where deeds, c., should be proved by the subscribing witnesses. The words acknowledgment and proof have a distinct and appropriate meaning, and whenever they are used with reference to the probate of deeds, they are used in the alternative. The Act of 1801, therefore, not authorizing the acknowledgment of deeds, the registration pursuant to such acknowledgment must be void. Besides, here was another chasm in the law, within which Alexander's title was completed.
But suppose, for the sake of argument, that this is an authorized registration, what is its effect? Can it be pretended that it can take effect but from the date of the acknowledgment? The declaratory law of 1806 is explicit upon this point — that probates, by acknowledgment, are to take effect only from the time of such acknowledgment. If a contrary doctrine were to be tolerated, it would open a wide door to fraud, as nothing can be more easy than to antedate a deed, and in that manner make it overreach a prior bona fide conveyance.
The opinion of the inferior court was clearly erroneous on other grounds.
Registration is an essential part of the deed; it is a substitute for livery of seisin. The deed, *Page 434 
without registration, can not have the effect to pass lands; it is, as it respects creditors and subsequent purchasers without notice, a perfect nullity. In whom, then, was the legal title to this land, until the registration of the deed? Most clearly, in the grantor; consequently, he had an interest liable to be attached and sold at the time Ross acquired his title.
The Court below further erred in permitting parol evidence as to the time when the deed was delivered. If such evidence would have been inadmissible to entitle the deed to registration, it is equally inadmissible here.
Hayes, for the defendant in error. The registration of a deed I can not consider as essential to the existence of the deed itself. As well might it be urged that the dress and drapery which custom hath prescribed as necessary to be worn, is an essential part of the person who wears it.* A deed can have effect only from its delivery; and this delivery hath been considered, in this country, equivalent to livery of seisin. But to entitle it to be read as evidence, it is necessary that it should be registered; and why? Ita lex scripta est. The Legislature have a right to say what shall be its effect without registration, as respects creditors, mortgagees and subsequent bona fide purchasers. But could the Legislature say that as between the parties it should be void without "impairing the obligation of a contract?" It is, however, sufficient for my purpose that they have not said it — they have only required a deed to be registered, and they have uniformly prolonged the time within which that registration might be made, where persons have omitted to register within the time first required for registration. As this is a statutory regulation, no how affecting the existence of the deed itself, but prescribing in what dress it shall appear in a court of justice, did not the power also exist to enlarge the time and make the deed as *Page 435 
effectual as if it were registered in the first instance, or to dispense with registration altogether? I apprehend that this can not be controverted. 'Tis true there was a chasm in the law after the registration of the title papers under which the lessor of the plaintiff claims, before the law passed under which the defendants' deed was admitted to probate and registration; but can that alter the case, when the Legislature say it shall have the same effect as if it were previously registered? In this Act there is no reservation as respects creditors and subsequent purchasers; but in the Act of 1807, where the Legislature have further prolonged the time for registration, there is. Under the well-known maxim, expressio unius est exclusio alterius, no other conclusion can be drawn but that a deed registered within the enlarged time previous to the year 1807, is good for every purpose. It takes effect from its delivery. This point was so adjudged in North Carolina, as appears from a case reported in 2 Haywood. The argument that this would open a door to fraud can have no effect, for the person to be affected by the deed may always prove the time of delivery other than that at which it purports to have been delivered. But until such proof, the date of the deed is prima facie evidence of its delivery. If parol evidence may be admitted to show that the deed was not actually delivered when it bears date, ex consequenti, we may show by parol evidence, either in confirmation of that prima facie evidence of its delivery or to remove doubts cast upon it as to the time of its delivery, by the circumstances of the case.
It is argued that the deed is not proved so as to entitle it to registration.
This objection is too refined for my comprehension. The Act of 1797 points out the manner in which the probate of deeds shall be made, viz., by the acknowledgment of the person executing it, or proof by one or more subscribing witnesses. The second section then goes on to enact "that no deed after being so proved," c., which clearly recognizes *Page 436 
an acknowledgment as proof. The Act of 1801 is a continuation of that law. The word probate, if I may be allowed the expression, is a generic term, of which "acknowledgment by the grantee," or "proof by witnesses," are the species — they are convertible terms, and so used in all acts respecting registration. There can be no doubt as to the meaning of the Legislature; for if they intended to extend the time as it respects the one mode of probate and not as it respects the other, would they not so have expressed themselves, and not have left it to be ascertained by inference only, and one which the premises will not justify? The deed then has been duly registered.
It is asked, in whom did this title vest after the execution and delivery, and before the registration of this deed? To which I answer, that it was vested in Lemmonds, even as against creditors and subsequent purchasers; for whatever may be the construction of the Act of 1807, it can not apply to this case. At all events it does not lie with Ross to say that he is prejudiced by the non-registration of this deed; because his interest, if he had any, accrued from the time the attachment was levied, which was within the time when it might have been legally registered.
* ORIGINAL NOTE. — The reporter is indebted for a report of the arguments of counsel in this case, to Oliver B. Hayes, Esq.
My own opinion is that the judgment ought to be reversed; but considering that the law would be settled differently if the other judge were on the bench, knowing, as I do, that his opinion differs from mine upon this question, I am constrained to affirm the proceedings of the Circuit Court. All judgments of the inferior courts brought here by appeals or writs of error, are affirmed, if this Court divide in opinion. Were this case now before a full court, my own opinion would be overruled; and because the same measure of justice ought to be meted out to every litigant, I feel bound to dispose of the case as I know it would be disposed of if the Court were full.
Let the judgment be affirmed.